IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHAUNCEY BENNETT, #259742 | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. JKB-15-3027 |
| STEPHEN T. MOYER (Secretary D.P. S.C.S.) | * | |
| KATHLEEN GREEN (Warden) | | |
| SCOTT ROWE (Hearing Officer) | * | |
|     Defendants. | | |
| | ***** | |

**MEMORANDUM**

On October 6, 2015, Chauncey Bennett filed this 42 U.S.C. § 1983 complaint, one of eight civil rights actions he filed that same day. Bennett, who is confined at the Eastern Correctional Institution ("ECI"), seeks compensatory damages for "emotional stress," but contains no statement of facts. ECF No. 1. The complaint was accompanied by an indigency application. Because he appears indigent, Bennett shall be granted leave to proceed in forma pauperis.

Section 1915A, Title 28, United States Code, provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009); 28 U.S.C. § 1915(A). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also Williamson v. Angelone,* 197 F. Supp. 2d 476, 478 (E.D. Va. 2001); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The screening is necessary to determine whether defendants should be required to respond to the action.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 569.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 547.

Self-represented pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Even under this less stringent standard, however, a pro se action still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *See Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott,* 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

The court cannot determine what constitutional claims Bennett wishes to raise.  Therefore, this complaint shall be dismissed without prejudice.  Should Bennett wish to refile a claim he must name the proper defendants and discuss how they violated his constitutional rights, set out the particular constitutional claim and background facts he wishes to raise, and discuss what physical injury he suffered.    A separate Order follows.

Date: October 9, 2015.                               /s/
                                         James K. Bredar
                                         United States District Judge